## WM. H. LAPE v. DAVID A. PARVIN ET AL.

(No. 10,797.)

Where H., P., B., and A. contributed each an equal sum to be expended by H. in building a steamboat, with the understanding that these sums with such credit as he could obtain would enable H. to get her out, and that she should then be run in his name until her debts were paid out of her net earnings, and that he should then convey three-fourths to P. B. and A. retaining one-fourth himself, but that, meanwhile, they should have no interest in her, and there was no agreement to repay the advances in case the enterprise failed, the transaction constitutes a partnership, from the beginning, and P. B. and A. are liable for the unpaid debts contracted in building the boat.

SPECIAL TERM :—This is an action brought to recover for labor and materials furnished in the construction of the steamboat Crescent. There is but a single question, viz : Were the defendants interested in the boat as owners at the time the plaintiff's debt accrued.

It appears that one Holmes, a steamboat captain, desiring to build a boat, applied to the defendants, Parvin, Brown and Anschutz, to join him in the enterprise. They declined to take any interest as owners in the boat, but at different

times each contributed the sum of two thousand dollars, which was used in the building of the boat upon an agreement, the inducements to, and terms of which seem to have been these : Holmes represented that he had two thousand dollars, and that, with six thousand more, he could get credit enough to get out the boat, and that he could then earn enough to pay off her debts ; and it was agreed that the boat's papers should be taken out in the name of Holmes; that she should be run by him until her earnings paid her debts, and that he should then convey one-fourth of her to each of the defendants, Parvin, Anschutz & Brown, retaining the other fourth himself, they meanwhile to have no interest in her. No provision was made for the payment of interest upon these advances, or the repayment of the principal in case the boat failed to earn enough to pay her debts. The boat proved unsuccessful, and Holmes died before he was able to provide for such payment.

There was some testimony tending to show that the defendants acted as owners, and allowed themselves to be held out as such to the public. The debt sued on, however, was contracted on Holmes' statement, that Parvin, Brown & Anschutz were joint owners with him.

*King & Thompson,* for plaintiff.

*Snow* and *Bradstreet,* for defendants.

HOADLY, J. The only question I have considered is, whether the admitted facts require the conclusion as a matter of law, that while Holmes was building the boat, Parvin, Brown & Anschutz were interested with him as partners or part owners.

Ordinarily owners of vessels are part owners, not partners. They are not agents of each, and one can not bind another by expenditures for the joint benefit, without express authority. But they may hold their vessel in strict partnership, and where they employ her in transporting goods and

passengers for their mutual profit, they are partners in the business so transacted. Collyer on Partnership, section 1186. And where by agreement a ship is to be built by several persons, through the agency of one of them, and to be subsequently run for their mutual benefit, the debts contracted by the agent within the scope of his authority are the debts of all.

The test of partnership is communion of net profits as such. It matters not that the dividends of the profits payable in money are not to be declared. If they are to be re-invested in the enterprise, or expended in improvements upon the subject of the adventure, or in enhancing its value, the parties are still partners. If the profits are in any way applied to the benefit of the parties, there is a communion of profits, and a partnership as to third persons.

In this case, Holmes, Parvin, Brown & Anschutz, each contributed two thousand dollars to the building of the Crescent. She was to be run until the profits of her business paid her debts, and then each of these parties was to become the owner of one-fourth, Holmes meanwhile retaining the legal title in his own name.

It is obvious that they were engaged in a joint adventure, the profits of which they were to share—not in money, but in the addition to the value of the vessel, created by the payment of her debts, and the removal of the incumbrance upon her.

The case becomes clearer by resorting to the hypothesis of success in that enterprise. Suppose that the Crescent cost $16,000, one-half advanced by Holmes and the defendants, the other half being credits furnished by the plaintiff and others. After one year she has earned $8,000 net, and her debts are paid, and Holmes conveys to each of the defendants one-fourth. It is obvious that for a capital of $2,000 advanced, each of the defendants has become the owner in consequence, and as the result of the enterprise, of an unincumbered interest worth $4,000, less the diminution in value caused by a year's use of the joint property. It can not

Wm. H. Lape *v.* David A. Parvin et al.

therefore be denied, that he has received a share of the net profits of this use, and that in the business of the boat, at least, each defendant was interested equally with Holmes.

There are two principal *indicia* of partnership, community of profits, and community of capital stock. Both of these exist here. Each contributed an equal sum in money, each was to share equally in the profits.

But it may be said that although it may result that the defendants were partners in the running of the Crescent, by virtue of their interest in her profits, they are not necessarily such in the boat herself. I can not make the distinction. The transaction is not divisible. The boat was to be built and paid for, in part with the money of the defendants advanced by them, in part with the money earned in running her, and then they were to own her. The enterprise included the building as well as the use of the boat. It seems to have been an adventure in which the ownership of the boat herself unincumbered was to have been the very profit expected. And the defendants must be held to have been interested throughout in law, as they evidently were in fact.

The defendants seem to have thought that in this way they could secure the advantages of an act of incorporation, without resort to legislative authority, and without subjecting themselves to liabilities beyond the loss of their original advance. I know of no power competent to sanction such a plan, as even under the forms of a corporation, the stockholders in Ohio are now individually liable in case of insolvency, in a sum equal to their stock.

I think, therefore, that there was a partnership from the beginning, that the defendants, equally with Holmes, contributed to the capital stock, that they were to have shared in the profits, and of which they must bear the losses.

Judgment for plaintiff.